# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONALD SATISH EMRIT,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 23-cv-0156-JMY** |
| : | |
| **CHARLES BARKLEY,** *et al.*, : | |
|     **Defendants.** : | |

## MEMORANDUM

**YOUNGE, J.**                                                                                                                                **JANUARY 18, 2023**

Ronald Satish Emrit, a frequent *pro se* litigator from Sarasota, Florida, has filed this action asserting claims against Charles Barkley, Subway, and Fanduel. Emrit also seeks leave to proceed *in forma pauperis*.[1] For the following reasons, the case will be transferred to the United States District Court for the Southern District of Alabama.

Emrit's rambling Complaint is not easily understood, in part because it appears to be a second-generation or greater photocopy. Recognizing that federal statutes – for example the one that created the "do not call" telephone number registry, the effort to curtail spam emails and faxes, and the antitrust laws – do not apply to his claims, Emrit nonetheless sues Barkley, Subway, and Fanduel because "there should be similar restrictions, regulations, [and]

---

[1] Emrit has a history of abusing the privilege of proceeding *in forma pauperis* and "has been acknowledged as a vexatious litigator in at least six district courts." *Emrit v. Universal Music Grp.*, No. 19-05984, 2019 WL 6251365, at *2 (W.D. Wash. Nov. 4, 2019), *report and recommendation adopted*, 2019 WL 6251192 (W.D. Wash. Nov. 22, 2019). A search of federal court docket records reveals that Emrit has filed over 250 federal lawsuits since 2013 in courts around the country. A Westlaw search of all federal courts for "Ronald Satish Emrit" yields scores of orders and opinions. A sampling of these orders indicates that most, if not all, of his cases were accompanied by applications to proceed *in forma pauperis* and were dismissed for improper venue or for failure to state a claim upon screening under 28 U.S.C. § 1915(e)(2).

enforcement" for what Emrit describes as "excessive advertising." (Compl. (ECF No. 2) at 1-2.)[2] Emrit asserts that, when he uses his email account, he frequently sees vertical banner ads featuring Barkley for Subway, Fanduel, or a sporting goods store. (*Id*. at 4.) He asserts that these ads and similar television commercials are annoying and interfere with his concentration. (*Id*. at 5.) He suggests that the CIA is behind it. (*Id*.) He believes that companies are violating their duty of care by failing to realize that Barkley is "not as marketable" as other athletes and "does not have the demeanor, charisma, personality, charm or legacy to be the spokesperson for any company." (*Id*. at 5-6.) He asserts numerous claims including violations of the "business judgment rule"; "can-spam," "junk faxes" and do-not-call registry laws; invasion of privacy through intrusion upon seclusion; products liability; public nuisance; and breach of implied warranties.

Emrit notably alleges that venue is appropriate in the District of Alabama because Barkley attended school there, even though he captioned his case for this Court. (*Id*. at 3-4.) The apparent reason for this allegation is that Emrit filed the identical lawsuit in the United States District Court for the Southern District of Alabama on January 3, 2023, six days before he filed the Complaint here. *See Emrit v. Barkley*, No. 23-3 (S.D. Ala. Jan. 3, 2023).[3] This appears to be the reason why the Complaint he filed here is a photocopy. The name of this Court was written in the caption after the name of another court was crossed out.

Emrit's case will be transferred to the United States District Court for the Southern District of Alabama. The "first-to-file" rule, which was originally articulated by the Supreme

---

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

[3] Emrit also filed the case in the Northern District of Alabama on January 6, 2023, *see Emrit v. Barkley*, No. 23-19 (N.D. Ala. Jan. 6, 2023), and in the Middle District of Alabama on the same day he filed his case here, *see Emrit v. Barkley*, No. 23-17 (M.D. Ala. Jan. 9, 2023).

Court in 1824, states that "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." *Smith v. McIver*, 22 U.S. (9 Wheat.) 532, 535 (1824). The United States Court of Appeals for the Third Circuit formally adopted this rule in *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941). It is well settled that absent special circumstances, this rule can be used by courts to stay, enjoin, or transfer a later-filed action. *FMC Corp. v. AMVAC Chem. Corp.*, 379 F. Supp. 2d 733, 737-38 (E.D. Pa. 2005) (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180 (1952) (affirming a Third Circuit decision to stay second-filed action in favor of earlier-filed action); *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475 (3d Cir. 1942) (reversing district court decision not to enjoin second-filed suit)).

Because Emrit initiated this same lawsuit by filing the same complaint and naming the same Defendants in federal court in Alabama several days before he filed this action, this action will be transferred. An appropriate order follows.

                                        **BY THE COURT:**

                                 **/s/ *John Milton Younge***
                                 **JOHN MILTON YOUNGE, J.**