# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| RONALD SATISH EMRIT, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 23-00027-KD-B |
| CHARLES BARKLEY, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

On January 9, 2023, Plaintiff Ronald Satish Emrit ("Emrit"), a serial *pro se* litigant[1] from Sarasota, Florida, filed a *pro se* complaint and a motion to proceed without prepayment of fees or costs in the Eastern District of Pennsylvania. (Docs. 1, 2). Because Emrit had filed a substantively identical lawsuit in this Court six days earlier,[2] this action was transferred to the Southern District of Alabama (Docs. 4, 5, 6), and was referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Having carefully reviewed the record, the undersigned submits that this

---

[1] See, e.g., Emrit v. Universal Music Grp., 2020 U.S. Dist. LEXIS 147857, at *1, 2020 WL 4751446, at *1 (M.D. Fla. Aug. 17, 2020), aff'd, 833 F. App'x 333 (11th Cir. 2021) (per curiam).

[2] See Emrit v. Barkley, No. 1:23-cv-00003-KD-B (S.D. Ala. Jan. 3, 2023).

action is due to be **DISMISSED** as duplicative of Civil Action No. 1:23-cv-00003-KD-B.

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000); see I.A. Durbin, Inc. v. Jefferson Nat. Bank, 793 F.2d 1541, 1551 (11th Cir. 1986) ("It is well established that 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'") (citation omitted). The considerations behind this principle are "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976) (quotation omitted).

"[T]he general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." I.A. Durbin, 793 F.2d at 1551. Trial courts are given "broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." Id. at 1551-52.

As noted by the transferor court (see Doc. 4 at 2), the complaint filed by Emrit in this case is essentially a photocopy of the complaint he filed six days earlier in Civil Action No.

2

1:23-cv-00003-KD-B, a case that remains pending in this Court. Indeed, Emrit makes exactly the same allegations, asserts the same causes of action, and seeks the same relief in both cases. Accordingly, the undersigned submits that this lawsuit is plainly duplicative of Civil Action No. 1:23-cv-00003-KD-B and recommends that this action be **DISMISSED** on that basis.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **30th** day of **January, 2023.**

<u>/S/ SONJA F. BIVINS</u><br>
**UNITED STATES MAGISTRATE JUDGE**